UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DARRELL GENE FELVER,

           Petitioner,           Case No. 1:08-cv-61

v.                                       Honorable Robert J. Jonker

THOMAS K. BELL,

           Respondent.
_____/

## REPORT AND RECOMMENDATION

       This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, I recommend that the petition be dismissed for lack of merit in the grounds presented.

**Discussion**

I.   Factual allegations

Petitioner Darrell Gene Felver is currently incarcerated at Boyer Road Correctional Facility. Petitioner pleaded guilty to one count of first-degree criminal sexual conduct with a person under the age of thirteen in violation of MICH. COMP. LAWS § 750.520b(1)(a). Petitioner is serving a term of incarceration of two to fifteen years. According to his "Motion to Show Cause - 28 U.S.C. § 2254," which this court construes as an application for *habeas* relief, Petitioner was denied parole by the Parole Board of the Michigan Department of Corrections with his next hearing set in twenty-four months. (Pet. at 1-2, docket #1.)

Petitioner asserts that he is is illegally being held in custody in violation of his constitutional right because: (1) the "Federal Constitution, Michigan Statutes, and M.D.O.C. Policies and Administrative Rules create an expectancy of release on parole;" (2) "the parole board's judgment did not comport to procedural due process;" (3) Petitioner had a "high probability" of parole and the parole board's "substantial and compelling reasons. . . conflict[ed] with the Qualified Mental Health Proffession's [sic] assessment;" and (4) the denial of parole "placed an undue atypical hardship" on Petitioner. (Pet. at 2.)

II.   Discussion

*A.   No constitutional right to parole*

Petitioner claims that he was improperly denied parole and his illegally being held in custody for another twenty-four months until his next parole hearing. To sustain such a claim, petitioner must first establish that eligibility for parole is a recognized liberty interest, entitled to protection by the Due Process Clause. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *see Bd. of*

*Pardons v. Allen*, 482 U.S. 369, 381 (1987).  A prisoner's unilateral expectation, particularly where prison officials retain complete discretion regarding an ultimate determination, does not create a constitutionally protected entitlement or liberty interest.  *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972).

Liberty interests may arise from the Constitution itself or from the provisions of state law.  *See Hewitt v. Helms*, 459 U.S. 460, 466 (1983).  A prisoner has no constitutional or inherent right to be released on parole before the expiration of the prisoner's sentence.  *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  The state is therefore free to institute parole systems, but it has no duty to do so.  *Id.*; *see Rose v. Haskins*, 388 F.2d 91, 93 (6th Cir. 1968).  A prisoner has a liberty interest in the possibility of parole if, but only if, state law creates a legitimate expectation of parole release by the use of mandatory language limiting the discretion of the Parole Board.  *See Bd. of Pardons v. Allen*, 482 U.S. 369, 373-75 (1987).  In the absence of a state-created liberty interest, the Parole Board can deny release on parole for any reason or no reason at all, and the Due Process Clause has no application.  *See Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235-36 (6th Cir. 1991).

In numerous cases, this Court has reviewed Michigan law and has found a complete absence of mandatory language or the imposition of substantive predicates restricting the Parole Board's discretion.  Michigan statutes merely define those prisoners not eligible for parole and list factors that the Parole Board may or may not consider in its decision to grant or deny parole, without directing a specific result.  *See* MICH. COMP. LAWS §§ 791.233b, .234, .235.  No statutory provision

requires parole for any eligible prisoner under any circumstances. The statute makes release on parole expressly discretionary. MICH. COMP. LAWS § 791.234(11).[1]

Relying upon these provisions of Michigan law, the Sixth Circuit Court of Appeals has authoritatively held that the Michigan system does not create a liberty interest in parole. *Sweeton v. Brown*, 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc). In unpublished decisions following *Sweeton*, the Sixth Circuit has repeatedly held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). Further, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Until Plaintiff has served his fifteen-year maximum sentence, he has no reasonable expectation of liberty. In the absence of a liberty interest, even an allegation of arbitrary or capricious denial of release on parole states no federal claim. *See Haynes*, 1990 WL 41025, at *1. The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11. The Michigan Parole Board's failure or refusal to

---

[1] The Michigan parole statutes have been amended several times in recent years. The statutory citations contained above are to the present codification of the parole law. None of the recent amendments are material to the issues now before the Court. Release on parole has always been discretionary under Michigan law.

consider petitioner for parole, therefore, implicates no federal right.  In the absence of a liberty interest, petitioner fails to state a claim for a violation of his procedural due process rights.

Furthermore, the presence of specific parole guidelines does not lead to the conclusion that parole release is mandated upon reaching a "high probability of parole."  As stated by the Court, a state's scheme may be specific or general in defining the factors to be considered by the parole authority without necessarily mandating parole.  *Greenholtz*, 442 U.S. at 7-8.  At the time that *Sweeton* was decided, there were statutory factors to be considered by the parole board.  *See Sweeton*, 27 F.3d at 1165 n.1 (noting that MICH. COMP. LAWS § 791.235 listed " a large number of factors to be taken into account by the board.")  Although the current parole guidelines may be more detailed than the former statutory provision, they are still nothing more than factors that are considered by the board in assessing whether parole is appropriate.  The fact that the Michigan Parole Board must follow their own procedural statutes and regulations regarding parole does not raise an issue of federal due process.  *Id.* at 1165.  This is particularly so in light of the fact that the guidelines do not state that the prisoner "must" or "shall" be paroled if the prisoner scores in a certain category; rather, the guidelines still speak in terms of probability, thus leaving the ultimate determination of parole release with the parole board.  In an unpublished decision, the Sixth Circuit has found that where the ultimate decision regarding parole rests with the parole board, a prisoner has no protectable interest in a system which determined a "grid score" for when he would be eligible for parole.  *Moran*, 1996 WL 304344, at *2; *accord Aqeel v. Dallman*, No. 90-3459, 1991 WL 7102, at *1 (6th Cir. Jan. 25, 1991) (where statute and guidelines place parole decision in hands of the board, there is no liberty interest).  Because Petitioner has no liberty interest at stake, his due process claim must fail.

### B. *Eighth Amendment*

Petitioner asserts that the denial of parole "placed an undue atypical hardship" on him. The Eighth Amendment to the United States Constitution, applicable to the states through the Due Process Clause of the Fourteenth Amendment, protects against cruel and unusual punishments. *See* U.S. CONST., amend. VIII; *Harmelin v. Michigan*, 501 U.S. 957, 962 (1991). The Eighth Amendment, however, does not require strict proportionality between a crime and its punishment. *Harmelin*, 501 U.S. at 965; *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir.2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)).

In the instant case, the Court notes at the outset that the Eighth Amendment claim is factually baseless. The parole board did not issue a sentence. Rather, the Parole Board merely declined to extend parole to Petitioner at his first eligibility date. *See Preston v. Hughes*, No. 97-6507, 1999 WL 107970, *2 (6th Cir. Feb. 10, 1999). Moreover, assuming the Parole Board's decision may be considered the imposition of punishment, Petitioner's sentence falls within the maximum allowed by statute. Therefore, Petitioner's sentence does not run afoul of the Eighth Amendment's ban of cruel and unusual punishment. *Austin*, 213 F.3d at 302.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 for lack of merit in the grounds presented. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  January 31, 2008                                /s/ Hugh W. Brenneman, Jr.
                                                        HUGH W. BRENNEMAN, JR.
                                                        United States Magistrate Judge


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).